**No. 25315**

**Grimes-Brooks Reservoir Company, a Colorado Corporation, Wilbur S. Luark, James E. Luark, Louis Visintainer, Ronald Kirby, Frank Satterfield and Harry Satterfield v. Albert E. Kayser, Joseph Joe Kayser and Kay Helen Kayser**

(502 P.2d 1104)

Decided November 13, 1972.

Cosgriff, Dunn & French, Hugh R. Warder, for plaintiffs-appellants.

Delaney & Balcomb, John A. Thulson, Kenneth Balcomb, for defendants-appellees.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The issue here is whether the plaintiffs or defendants are entitled to certain mountain water. This spring run-off water flows near the head waters of two creeks: Red Dirt Creek and Sutton Creek. The plaintiffs' rights are for water from Red Dirt Creek, and those of the defendants are for diversions from Sutton Creek. By comparatively simple means this water can be directed to either creek. If the natural flow historically was down Red Dirt Creek, the plaintiffs have the right to the water. If the natural flow was to the Sutton Creek drainage, the defendants prevail. The case was tried to the court, who found the water naturally tributary to Sutton Creek and held in favor of the defendants. We affirm.

The water flowed in its natural state until 1952 when a ditch was constructed which might have changed the natural

course of the water. Defendants' appropriations were prior to 1952. There was introduced in evidence the deposition of one Morrill, an engineer. He was familiar with the area prior to 1952 and testified by deposition that the natural drainage was to Sutton Creek. At the time the court denied the motion for new trial, it concluded that the deposition should not have been admitted in evidence but that there was sufficient remaining testimony to support the judgment. The defendants assigned cross error, contending that the deposition should not have been excluded. Our disposition of the case makes it unnecessary to pass on this question. We view the evidence as if there were no deposition.

[1] There was testimony to support the plaintiffs' proposition that the water was naturally tributary to Red Dirt Creek. While the plaintiffs conceded in oral argument that there was slight evidence to support the defendants' position, we have been urged to reverse because the evidence was overwhelmingly in favor of the plaintiffs.

In about 1966 the division water engineer concluded that the water was naturally tributary to Red Dirt Creek, and ordered the water commissioner to see that the water was diverted that way. Later the division engineer first saw a map made in 1952. This had been prepared by Mr. Morrill in connection with diversions made by the plaintiffs and their predecessors in interest. The plaintiffs and their predecessors had signed the map. This convinced the division engineeer that the plaintiffs' diversions were not of the spring run-off water in question and that the natural flow was to Sutton Creek, and he ruled in favor of the defendants. This map, which was admitted in evidence, also convinced the trial court. The court made the following findings:

"In addition, the fact that the plaintiffs, or their predecessors in interest, signed the plat (Exhibit 4) confirms the fact that they were making a *diversion* of the water from its natural drainage; further, that they were only asking for a *conditional* decree with priority of August 27, 1952. If they had, in fact, been using the water in question prior to 1952, they would undoubtedly have claimed an earlier date of priority

and would have asked for an absolute decree. Therefore, it is apparent that plaintiffs had not been using the water in question prior to 1952, and that the natural drainage was to Sutton Creek and thence to Egeria Creek."

There was before the court the testimony given in behalf of the plaintiffs and their predecessors in interest at a water adjudication. This related the plaintiffs' water rights. The map and this testimony adequately support the foregoing findings of the court. *Kearney Investment Corporation v. Capital Federal Savings,* 169 Colo. 30, 452 P.2d 1010 (1969).

▮ The plaintiffs complain that the court erred in not apportioning the water between the parties or making a further investigation with a view toward apportionment. In this connection we again quote from the trial court:

"There was some testimony that in occasional periods of extremely high water *some* water would naturally flow down to the Grimes-Brooks Reservoir. This would only occur, possibly, once in ten years, and there was no testimony as to how much excess water would flow into the Grimes-Brooks Reservoir. There is, therefore, no way in which this Court can apportion such water by a decree in this case."

We agree.

We find the remaining contentions of the plaintiffs without merit.

Judgment affirmed.

MR. JUSTICE ERICKSON not participating.